Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed and Memorandum Opinion filed November 29, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00116-CR

____________

 

EX PARTE DARRELL J. BROWN, Appellant

 

 



 

On Appeal from the County
Criminal Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 1428854

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Darrell J. Brown, appeals the trial court=s denial of
pretrial habeas corpus relief.  In two issues, he contends that the State=s retrial violates
his constitutional guarantee against double jeopardy.  We affirm.

Factual
and Procedural Background








Appellant was charged by information with offense of
possession of marihuana.  He pleaded not guilty and the case proceeded to trial
before a jury.  Before the State called its first witness, the trial court
granted appellant=s motion in limine, which, among other
things, ordered the State to refrain from making any reference to appellant
being charged or convicted for other crimes.  During the State=s direct
examination of its first witness, Officer Cantu, the State attempted to elicit
evidence that appellant=s place of business was located in an area
known for narcotics activity.  The following exchange occurred:

Q.      Okay.  And, in your four years on the
Narcotics team, have you become aware of whether, or not, this is an actual
narcotics area or if there=s a high amount of narcotics activity?

A.      (No response)

[Defense Counsel]:  Objection your Honor.  Rule
404(b).  Rule 403.  Speculation and relevancy.  

[Assistant District Attorney]: Well, Judge, he=s an B 

The Court:  I=ll sustain that.

[Assistant District Attorney]:  He=s an expert.  And, he=s testifying about his experience. 
And, whether, or not, it would give him cause to be suspicious as to this
particular building, and whether drug trafficking could have been involved.  It=s not going into any of his priors,
or extraneous offenses, or anything like that, and if that=s his purpose for the B 

[Defense Counsel]:  Well, Judge, can we approach?

The Court:  What for?

[Defense Counsel]:  Well, we had a Motion In
Limine.  And, now, the State=s talking about B 

The Court:  Well, let=s take the Jury out.

The Bailiff:  The
Jury will step to the back, please.








At the
bench, the prosecutors[1]
explained that they referred to Apriors@ in the context of
responding to appellant=s objections, and pointed out that they
did not discuss any specific prior convictions.  The prosecutors also explained
that the question to the officer was relevant to show the officer=s probable cause
to conduct a search pursuant to a search warrant that had already been admitted
into evidence.  Further, one of the prosecutors stated that she knew of no
other way to respond to the defense counsel=s objections.  The
defense counsel objected that the prosecutor=s comment violated
the motion in limine and moved for a mistrial, which the trial court initially
denied.  However, at the conclusion of Officer Cantu=s testimony, the
trial judge decided to grant the mistrial, stating there was Ano way to correct@ the fact that the
Apriors@ came into the
action.

Appellant then filed an application for a pre-trial writ of
habeas corpus on double jeopardy grounds, arguing that the prosecutor=s violation of the
motion in limine caused the mistrial.  After a hearing at which only appellant
testified, the trial court denied relief on the writ.  This appeal followed.

Analysis
of the Issues

I.        The
Burden of Proof at the Habeas Corpus Proceeding

In his first issue, appellant asserts that, because the
State offered no evidence at the habeas corpus hearing, the trial court erred
in denying appellant=s requested relief.  Appellant
acknowledges that the burden of proving a double jeopardy violation is on him, but
asserts that the burden shifted to the State once he met his initial burden to
prove he was tried for the same offense after a mistrial, citing Hill v.
State, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (stating that once the
defendant meets his initial burden of proving a double jeopardy violation by
proving that he was tried for the same offense after a mistrial, the burden
then shifts to the State to prove manifest necessity for the mistrial).  








Here, the habeas corpus hearing was before the same trial
judge who presided over appellant=s trial, and the
judge was entitled to take judicial notice of the relevant facts and
circumstances in the trial proceedings.  See Ex parte Turner, 612 S.W.2d
611, 612 (Tex. Crim. App. 1981) (holding that trial judge who presided over
revocation of probation hearing and habeas corpus action could properly take
judicial notice of evidence presented in revocation of probation hearing during
habeas corpus action at which State offered no other evidence); see also
State v. Ybarra, 942 S.W.2d 35, 36B37 (Tex. App.CCorpus Christi
1996, pet. dism=d) (stating that review of habeas corpus
proceeding is not limited to testimony and evidence adduced at the hearing, but
includes the record as it existed before the trial court at the habeas
hearing).  Accordingly, we disagree that the trial judge erred in denying
appellant=s requested relief when the State offered no evidence
at the habeas corpus proceeding.

Additionally, and as distinguished from Hill, when a
defendant alleges that double jeopardy bars a retrial after he successfully
moves for a mistrial in response to prosecutorial conduct, he must demonstrate
that the Aconduct giving rise to the successful motion for a
mistrial was intended to provoke the defendant into moving for a mistrial.@  See Oregon v.
Kennedy, 456 U.S. 667, 679 (1982); Ex parte Lewis, 219 S.W.3d 335,
370 (Tex. Crim. App. 2007).[2] 
At the hearing, appellant offered no evidence to support his request for relief
under this standard.  And, as we discuss below, the record does not demonstrate
that the trial court abused its discretion in denying appellant=s requested
relief.

We overrule appellant=s first issue.

II.       Appellant
Failed to Demonstrate the Prosecutor=s Conduct Was
Intentional

In his second issue, appellant contends the trial court
erred by denying his requested relief on double jeopardy grounds.  According to
appellant, the prosecutor intentionally violated the trial court=s motion in limine
by referring to his Apriors@ Ain an attempt to
torpedo the case,@ and a judicial admonishment would have
been insufficient to cure the error.  Consequently, appellant asserts the
prosecutor=s deliberate provocation forced him to move for a
mistrial.








A.      Standard of
Review

Generally, we review a trial court=s decision to
grant or deny relief on a writ of habeas corpus for abuse of discretion.  Ex
parte Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).  In reviewing
the facts, we view the evidence in the light most favorable to the trial court=s ruling.  See
Ex parte Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).

We defer to the trial court=s implied factual
findings that are supported by the record.  Ex parte Wheeler, 203 S.W.3d
at 325B26.  But we do not
defer to implied factual findings if we are unable to determine from the record
what the trial court=s implied factual findings are.  Id.
at 324 n.23.  If the resolution of the ultimate question turns on an
application of legal standards, however, we review the determination de novo.  See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  

Appellant contends that our review should be de novo,
because the State presented no witnesses and did not contest appellant=s own testimony. 
However, as noted above, the trial court was also entitled to consider the
facts and circumstances surrounding the prosecutor=s reference to
appellant=s Apriors@ and her
explanation for it during the trial on the merits.  Because the trial court=s resolution of
the ultimate issue here turned on its evaluation of the prosecutor=s credibility and
demeanor, we review the trial court=s decision for
abuse of discretion.  See Ex parte Wheeler, 203 S.W.3d at 326 (holding
court of appeals should have reviewed the decision of the trial judge at the
habeas hearing for abuse of discretion even though a visiting judge presided
over the underlying trial, when the trial judge communicated with the visiting
judge concerning the issues, quizzed the prosecutor about his reasons for
asking the improper question, and reviewed the transcript of relevant trial
testimony). 

B.      Application
to Facts








According to appellant, the prosecutor=s statements were Aso obviously
improper and flagrant that no prosecutor could have made them inadvertently.@  He argues that
she intentionally flouted the trial court=s ruling on the
motion in limine,[3]
and her bad faith is particularly apparent because the comment came from the
prosecutor herself, rather than a witness.  Further, appellant argues that the
trial court itself determined that it could not have given a judicial
admonishment sufficient to cure the error.  Thus, according to appellant, the
prosecutor acted intentionally or at least engaged in the complained-of conduct
recklessly.

However, as the Court of Criminal Appeals held in Ex
parte Lewis, to prevail, appellant must demonstrate that the prosecutor=s conduct was not
merely reckless, but was intentional:  that the Aconduct was
intended to goad the defendant into requesting a mistrial.@  See Ex parte Lewis, 219 S.W.3d at 371 (adopting
standard set forth in Oregon v. Kennedy); Sandifer, 2007 WL
1717467, at *2.  It is not enough that the prosecutor=s misconduct was
the result of inadvertence, sloppiness, or even simple negligence.  Ex parte
Peterson, 117 S.W.3d at
817.  A
prosecutor=s blunder that precipitates a successful motion for
mistral does not bar a retrial.  Id.

Here, appellant did not question the prosecutor at the
habeas corpus hearing and did not offer any evidence tending to demonstrate
that the prosecutor acted intentionally.  Appellant=s attorney asked
appellant why the mistrial was granted, and appellant answered ABecause the >DA= spoke about my
prior assault.  Or, something like that.@  But this
testimony merely acknowledges the basis for the mistrial; it provides no
objective facts tending to demonstrate that the prosecutor acted with a
culpable mental state when she referred to appellant=s Apriors.@  








In the absence of any evidence offered by appellant
concerning the prosecutor=s intent, we turn to the underlying trial
record to determine whether the trial court abused its discretion in denying
appellant=s requested relief.  This record, when viewed in favor
of the trial court=s ruling, does not show the trial court
abused its discretion.  The trial was in a very early stageCthe State was
questioning its first witnessCand at that point no apparent basis for
the prosecution to provoke a mistrial can be discerned.  Both prosecutors
argued strenuously for their position and the continuation of the trial.  The
trial court, as the fact finder, could have chosen to believe the prosecutor=s explanations for
the reference to Apriors@ and determined
that she did not act intentionally to goad the defendant into requesting a
mistrial.  The trial court determined whether the prosecutor=s conduct was
intentional based on its evaluation of her credibility and demeanor; therefore,
we defer to the trial court=s determination of the issue.  See Ex
parte Wheeler, 203 S.W.3d at 324; see also Ex parte Lewis, 219
S.W.3d at 362 (noting that A[t]rial courts are in the best position to
determine whether a prosecutor=s conduct evinces an intent to cause a
mistrial@). 

We overrule appellant=s second issue.

Conclusion

We affirm the judgment of the trial court denying appellant=s request for
habeas corpus relief.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Memorandum Opinion filed November 29, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  At the trial, the State was represented by two
prosecutors, both of whom participated in the discussion before the trial
judge.





[2]  In his brief, appellant contends it is sufficient to
demonstrate either that the prosecutor acted intentionally or Awith conscious disregard for a substantial risk that
the trial court would be required to declare a mistrial,@ citing Ex parte Peterson, 117 S.W.3d 804, 816B17 (Tex. Crim. App. 2003), and Ex parte Bauder,
974 S.W.2d 729, 732 (Tex. Crim. App. 1998).  However, in Ex parte Lewis,
the Court of Criminal Appeals overruled this line of cases and adopted
the federal standard set out in Oregon v. Kennedy.  See Ex parte
Lewis, 219 S.W.3d at 371; see also Sandifer v. State,
No.01-06-01102-CR, ___ S.W.3d ___, ___, 2007 WL 1717467, at *2 (Tex. App.CHouston [1st Dist.] June 15, 2007, no pet.)
(explaining that in Ex parte Lewis, the Court of Criminal Appeals held
that the rule under the Texas Constitution is the rule articulated by the
United States Supreme Court in Oregon v. Kennedy, Ai.e., whether the prosecutor intended to provoke the
defendant into moving for a mistrial@). 





[3]  Appellant contends that we must presume bad faith
when a prosecutor violates a motion in limine.  See Hill v. State, 79
S.W.3d 682, 687 (Tex. App.CAmarillo 2002,
pet. ref=d) (stating that when trial court granted mistrial
after prosecutor violated motion in limine, the error was not merely Aordinary reversible error@ because Aotherwise
orders granting motions in limine would be rendered meaningless and produce a
waste of judicial resources by the granting of mistrials@).  However, we note that in Hill, the court of
appeals ultimately held that the trial court did not abuse its discretion in
denying the defendant=s request for habeas corpus relief, and did so under
the former, less stringent, standard of deliberate or reckless prosecutorial
conduct.  See id. (citing Ex parte Bauder, 994 S.W.2d 729, 732
(Tex. Crim. App. 1998)).