

**NUMBER 13-12-00600-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### EX PARTE JUAN ELIGIO GARCIA ADAMES

---

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant, Juan Adames, argues that the trial court erred in denying his petition for the writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. § 11.01 (West 2005). We affirm.

### I. BACKGROUND

A jury convicted appellant of the capital murder of Ann Marie Garcia. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), 19.03(a)(2) (West 2011, Supp. 2012). In brief, the State alleged that appellant accompanied Huicho Mares to the house of Ray Saenz to

rob him of approximately twelve hundred pounds of marijuana that Saenz was holding for someone in Mexico. According to appellant's testimony, Mares told him that they had to bring the victim with them when they left because she had recognized Mares. Adames testified he observed Mares "strangle the victim with something" in the back of the car Adames was driving. Other testimony established that the victim had been asphyxiated with a shoelace.[1] The jury returned a verdict of guilty, and the court assessed an automatic sentence of life without parole because the State had not sought the death penalty. *See id.* § 12.31(a) (West 2011).

On direct appeal, this Court ruled that the evidence was legally insufficient to convict appellant as the primary actor of the murder because all of the evidence established that Mares killed the victim, but that the evidence was legally sufficient to support a conviction as a party to the crime. *Adames v. State*, No. 13-07-303-CR, 2010 WL 2862604, at **7–8 (Tex. App.—Corpus Christi July 22, 2010) *aff'd*, 353 S.W.3d 854 (Tex. Crim. App. 2011), *cert denied*, 132 S.Ct. 1763. We nevertheless reversed and remanded because the jury charge allowed for Adames' conviction as a party to the kidnapping but not as a party to Garcia's murder. *Id.* at **8–9. The court of criminal appeals granted discretionary review and affirmed our disposition of the case for the reasons stated. *Adames*, 353 S.W.3d at 862. The State now seeks to retry appellant as a party to the murder of Garcia. Appellant filed a petition for a writ of habeas corpus with the trial court in which he argued that a retrial would violate the state and federal constitutional protections against double jeopardy. The trial court denied Adames'

---

[1] A more complete recitation of the facts can be found in our opinion on direct appeal in this case. *See Adames v. State*, No. 13-07-303-CR, 2010 WL 2862604, at **2–6 (Tex. App.—Corpus Christi July 22, 2010), *aff'd*, 353 S.W.3d 854 (Tex. Crim. App. 2011), *cert denied*, 132 S.Ct. 1763.

petition, and this appeal followed.  *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd) (appellant may immediately appeal trial court's denial on the merits of a pre-conviction writ).

## II. DISCUSSION

In one issue, appellant argues that retrying him for the same murder on a theory of the law of parties violates the protections against double jeopardy because the State is essentially retrying him for the exact same offense for which he argues the evidence was found to be insufficient.

### A. Standard of Review

We review a trial court's decision to grant or deny habeas relief for abuse of discretion.  *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Bennett*, 245 S.W.3d 616, 618 (Tex. App.—Fort Worth 2008, pet. ref'd).  We review the evidence in the light most favorable to the trial court's ruling.  *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  We give "almost total deference to the trial judge's determination of historical facts supported by the record" and afford the same deference to the trial judge's application of law to fact questions, especially if "those ultimate questions turn[] on an evaluation of credibility of demeanor" of witnesses.  *Id.*  We apply a de novo standard of review if the resolution of those ultimate questions requires the application of legal standards.  *Id.*; *Ex parte Legrand*, 291 S.W.3d 31, 36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).  Accordingly, we will review this case de novo.

**B. Applicable Law**

The Fifth Amendment prohibition against double jeopardy protects against: "1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (*citing Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (en banc). "Conceptually, the State and Federal double jeopardy provisions are identical." *Stephens*, 806 S.W.2d at 815; *see Ex parte Busby*, 921 S.W.2d 389, 392 (Tex. App.—Austin 1996, pet. ref'd).

When a trial proceeds to a verdict and the conviction is reversed on appeal "retrial is not automatically jeopardy-barred" unless the conviction was reversed for insufficiency of the evidence. *Ex parte Mitchell*, 977 S.W.2d 575, 578 (Tex. Crim. App. 1997) (en banc) (*citing Price v. Georgia*, 398 U.S. 323 (1970)); *see Legrand*, 291 S.W.3d at 38. When a case is reversed because of trial error, "double jeopardy does not attach." *Franklin v. State*, 693 S.W.2d 420, 432 (Tex. Crim. App. 1985), *cert denied,* 106 S. Ct. 1238; *Mitchell*, 977 S.W.2d at 578; *Legrand*, 291 S.W.3d at 38 (*citing Burks v. U.S.*, 437 U.S. 1, 16 (1978)) (The Double Jeopardy Clause "does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings leading to conviction."); *Ex parte Graves*, 271 S.W.3d 801, 806–07 (Tex. App.—Waco 2008, pet. struck). This rule applies when a conviction is overturned on appeal because of error in the jury charge. *Franklin*, 693 S.W.2d at 432; *Ex parte Granger*, 850 S.W.2d 513, 519 (Tex. Crim. App. 1993) (en banc).

## C. Discussion

### 1. Prior Decisions in this Case

On direct appeal, appellant challenged the legal sufficiency of the evidence supporting his conviction.[2]  In our decision, we reviewed the evidence produced at trial and first held that:

> the evidence is legally insufficient to support Adames's conviction as a primary actor, in view of the evidence that Mares killed the victim by strangling her with a shoelace and the pathologist's conclusion that she was killed in that fashion.  There was no evidence that Adames strangled the victim with a shoelace.

*Adames*, 2010 WL 2862604, at *7.  However, we also considered whether the evidence was sufficient to establish appellant's guilt as a party to the murder.  *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).[3]  We held:

> a rational jury could have determined from the evidence as we have outlined it that, acting with the intent to promote or assist Luis Carlos Mares in the offense of Capital Murder, when Mares intentionally committed murder in the course of committing the offense of aggravated kidnapping, [appellant] solicited, encouraged, directed, aided, or attempted to aid Mares to commit the two offenses of aggravated kidnapping and murder.  Consequently, the evidence is legally sufficient to support his conviction for the offense of capital murder.

*Adames*, 2010 WL 2862604, at *7*.  Therefore, we expressly overruled appellant's sufficiency issues.  *Id.* at *8.  However, the jury charge only permitted the jury to convict

---

[2] Appellant also raised a factual sufficiency issue on appeal.  We overruled appellant's factual sufficiency issue for the same reasons as appellant's legal sufficiency issue.  By the time appellant petitioned the Texas Court of Criminal Appeals for discretionary review, that court had abolished factual sufficiency review.  *See generally Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op).  The court of criminal appeals accordingly did not address our factual sufficiency holding.

[3] That section provides that a person is criminally responsible for an offense committed through another's actions if the person "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."  TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

5

appellant as a party to the kidnapping of the victim and not to Garcia's murder. There is a rule of due process that states that a conviction may not stand on a theory that was not submitted to the jury. *See Wooley v. State*, 273 S.W.3d 260, 268 n.13 (Tex. Crim. App. 2008). We overturned appellant's conviction on the basis of this rule, and not on the sufficiency of the evidence. *Adames*, 2010 WL 2862604, at *8. In doing so, we emphasized that the *Wooley* due process rule and insufficiency of the evidence are two different rules. *See Wooley*, 273 S.W.3d at 268 n.13 ("This due process rule is not, and should not be confused with, an evidentiary sufficiency rule."). The court of criminal appeals agreed, observing that "[t]his is a case of jury-charge error distinct from an evidentiary insufficiency" case. *Adames*, 353 S.W.3d at 860.

### 2. Double Jeopardy

Appellant argues on appeal that he "has already been prosecuted for the same capital murder offense, for which he now stands charged." Appellant argues that Double Jeopardy prevents the State from retrying him because a retrial would require "relitigation of the identical facts, using the identical witnesses, using the same charges, but now using a tweaked theory of liability." In other words, appellant bases his habeas appeal on the same argument rejected by the court of criminal appeals: that this court already determined that the evidence produced by the State in the first trial was insufficient to support appellant's conviction. As we have already stated above, we overturned appellant's conviction because of error in the jury charge and we expressly overruled appellant's insufficiency issues. The court of criminal appeals confirmed our holding. *Adames*, 353 S.W.3d at 862. When a conviction is overturned on appeal because of error in charge presented to the jury, double jeopardy does not attach.

*Franklin*, 693 S.W.3d at 432; *Granger*, 850 S.W.2d at 519; *see Mitchell*, 977 S.W.2d at 578; *Legrand*, 291 S.W.3d at 38; *Graves*, 271 S.W.3d at 806–07. Appellant's sole issue is overruled.[4]

## III. CONCLUSION

We affirm the trial court's dismissal of appellant's petition.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of May, 2013.

---

[4] Appellant also argues that even if he is not being tried for the same offense, the State is collaterally estopped from retrying him because a retrial requires relitigation of the same issues that have already been resolved in his favor. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties." *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007) (citing *Ashe v. Swanson*, 397 U.S. 436, 444–47 (1970)). In this context, this is simply another way of arguing that appellant is being retried for the same crime, which appellate courts have already determined that the evidence produced at trial was insufficient. As we already explained, appellant's conviction was set aside for error in the jury charge, and not for insufficiency of the evidence. Both this Court and the court of criminal appeals determined that the evidence was sufficient to support a conviction on the theory which the State wants to retry appellant. Retrying appellant therefore does not require litigating any fact that was finally determined in his favor.

7