**Opinion issued March 24, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00334-CR

_____

## EX PARTE JAMES ALFRED TRIMBLE

On Appeal from the County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Case No. 2173997A-2

## MEMORANDUM OPINION

Appellant, James Trimble, appeals the trial court's denial of his pre-trial application for a writ of habeas corpus asserting that retrying his Driving While Intoxicated case after a mistrial violates double jeopardy. We reverse.

## Background

On October 27, 2017, Trimble was charged with the offense of Driving While Intoxicated. The State sought to prosecute Trimble based upon the results of blood tests performed by the Texas Department of Public Safety's Crime Laboratory. The trial court issued a Standing Discovery Order on Copying and Production of Blood Testing Records. Pursuant to the order, Trimble's counsel was provided with a disc containing files from the crime lab. The disc, however, did not contain any pictures of the blood tubes and packaging containing Trimble's blood sample.

The case was called for jury trial on February 20, 2019, when a jury was duly empaneled. During the State's direct examination of one of its witnesses, the prosecuting attorney attempted to introduce into evidence three photographs of blood tubes and packaging containing Trimble's blood sample. Trimble objected to the admissibility of the photographs on grounds that they had not been produced to the defense prior to the attempt to introduce them into evidence.

The trial court continued the proceedings until the next morning so that the defense could receive copies of the evidence from the State, analyze the evidence, and be prepared to cross-examine witnesses with regards to the evidence. The court admonished the State to meet with defense counsel once the court adjourned to discuss any other evidence in the State's possession that had not been previously produced to the defense. Later that day, the State notified defense counsel that its

investigator obtained an additional disc containing files from the crime lab. Counsel for the State then uploaded 351 additional files to the district attorney's defense portal. The next morning, a copy of a second disc was provided to the defense containing various files.

Once the court was apprised of the recent production of additional evidence, it asked Trimble's counsel how he would like to proceed. Counsel expressed that, despite not wanting to do so, he was obligated to request a continuance to evaluate the contents of the second disc.[1] Defense counsel orally moved for a continuance and the court indicated it would grant the continuance. The court requested that the motion for continuance be filed in writing and defense counsel prepared a motion during the hearing. However, subsequent to the court's indication that it was going to grant a continuance, the court informed the parties that it also was considering the option of declaring a mistrial:

> So, two options here. I'm either going to declare a mistrial and we can get a new jury and start over or a motion for a continuance. Just wanted to talk to you guys before I make that decision and see what you have to say.

The trial court heard arguments from the State and asked defense counsel whether it had anything to add, to which defense counsel responded that it did not. The court then denied the motion for continuance and declared a mistrial sua sponte.

---

[1] At the time of the habeas application, Trimble's counsel indicated that they had not finished comparing the contents of the first and second disks.

3

The State subsequently sought to retry Trimble for the same offense. Trimble filed a pre-trial application for a writ of habeas corpus, claiming that the State is barred from prosecuting the case "based upon the Double Jeopardy Clause of the United States Constitution and the Texas Constitution." The State responded that prosecution is not barred by Double Jeopardy because Trimble, by failing to object, impliedly consented to the mistrial. The trial court subsequently denied Trimble's habeas application and this appeal followed.

## Standard of Review

Generally, an appellate court reviews a trial court's decision to grant or to deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). In reviewing the trial court's decision to grant or to deny habeas corpus relief, we view the evidence in the light most favorable to the trial court's ruling. *See id.* (citing *Ex parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007)).

## Applicable Law

The Fifth Amendment to the United States Constitution prohibits a State from putting a defendant in jeopardy twice for the same offense. *See Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (citing *Arizona v. Washington*, 434 U.S. 497, 503 (1978)). "As a general rule, after a jury has been impaneled and sworn, thus

placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict." *Ex parte Fierro*, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002) (citing *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995)). "An exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by 'manifest necessity.'" *Id*. (citing *Washington*, 434 U.S. 497).

If the mistrial was done with the defendant's consent, re-trial will not be barred by double jeopardy. *See Ex parte Garrels*, 559 S.W.3d 517, 522 (Tex. Crim. App. 2018). "[C]onsent must . . . appear in the record as a deliberate 'relinquishment' on the defendant's part—an exercise of [his] 'primary control'—if it is to be relied upon as a reason to allow the State to re-prosecute [him]." *Id*. at 523. "Consent need not be expressed, but may be implied from the totality of circumstances attendant to a declaration of mistrial." *Id*. (quoting *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981)).

A necessary precondition for finding implied consent to a court's sua sponte declaration of a mistrial is that the defendant had an adequate opportunity to object. *See id.* ("Before a court may determine that the defendant impliedly consented to the mistrial, the record must show that [he] was 'given an adequate opportunity to object.'") (quoting *Torres*, 614 S.W.2d at 441–42). But, because courts are to consider the totality of the circumstances, the failure to object to a mistrial despite

being provided an adequate opportunity to object does not, by itself, demonstrate implied consent. "To find consent based solely on the lack of an objection would be to improperly emphasize one 'circumstance' above all others." *Id*. at 523.

The Texas Court of Criminal Appeals has discussed the respective burdens in litigating consent-based double-jeopardy issues. *Id*. at 524. The initial burden is on the defendant to establish that he "was tried for the same offense after a mistrial." *Id*. "Once the defendant makes this initial showing, the burden shifts to the State 'to prove that appellant consented to' the order terminating [his] first trial." *Id*. (quoting *McClendon v. State*, 583 S.W.2d 777, 780–81 (Tex. Crim. App. 1979)). Although consent may be implied from the totality of the circumstances, it must nevertheless be supported by record-based evidence. *Id*. at 519, 524. It is not the defendant's burden to show that, although he did not request the mistrial, neither did he consent to it. *Id*. Furthermore, "a silent record is, almost by definition, a lack of evidence to support either position; and a lack of evidence is held against the party bearing the burden on a particular issue." *Id.* at 526.

### Analysis

It is undisputed that Trimble met his initial burden of establishing that he is being tried for the same offense after the mistrial. The burden thus shifted to the State to demonstrate that Trimble consented to the mistrial. There also is no dispute that express consent to mistrial was not given by Trimble. Rather, in opposing the

6

habeas application, the State asserted that Trimble gave implied consent to the mistrial because "[a]t no point did defense counsel ever object or make any complaint with respect to the court's suggestion of granting a mistrial or after the court granted a mistrial." Although stated with varying degrees of nuance, each of the State's arguments is based upon the lack of any objection or opposition by defense counsel. But the failure to object or otherwise voice opposition to the trial court's sua sponte declaration of a mistrial, by itself, is insufficient to meet the State's burden of demonstrating implied consent. *See id.* at 522. As discussed below, the Court of Criminal Appeals' decision in *Garrels* is controlling and instructive in our concluding that the State failed to meet its burden of demonstrating implied consent in this case.

In *Garrels*, a DWI defendant objected to the State's offering testimony from an officer who the State failed to timely designate as a potential expert witness. 559 S.W.3d at 520. The State requested a continuance and the defense requested that the court strike the officer's testimony. *Id*. Instead, the trial court sua sponte granted a mistrial. *Id*. at 520–21. The State objected to the court's granting of mistrial and the defense did not. *Id*. at 521. When the State sought to re-try the defendant for DWI, she filed a pre-trial application for writ of habeas corpus claiming that Double Jeopardy barred the prosecution. *Id*. The State asserted that prosecution was not

barred because the defendant gave implied consent to the mistrial by not objecting. *Id*.

The trial court denied the application in *Garrels* primarily on the basis of finding manifest necessity but also noted that the defense did not object to the mistrial, which might be construed as finding that the defendant impliedly consented to the mistrial. *Id*. The court of appeals subsequently affirmed on the basis that the defendant impliedly consented to retrial by failing to object when the trial court declared a mistrial. *Id*. The appellate court declined to decide whether the mistrial was supported by manifest necessity. *Id*. The Court of Criminal Appeals granted discretionary review to address the sole ground defendant raised before the court: whether "a defendant who did not object to a trial court's declaration of mistrial, despite an adequate opportunity to do so, impliedly consented to the mistrial." *Id*. at 522.

The State argued in *Garrels*, as it does here with respect to Trimble, that the defendant impliedly consented to mistrial by failing to object. Indeed, the State's arguments that Trimble implied consented are nearly identical to the arguments described by the Court of Criminal Appeals in *Garrels*:

> [A]t the hearing on Garrels's pretrial application, it was the State's burden either to identify some record-based indication that Garrels had impliedly consented to the trial court's mistrial order, or else to introduce evidence to that effect. But the only fact that the State marshaled in support of the conclusion that Garrels had impliedly consented to the mistrial was the lack of an objection on the record: "I

think based on the case law we cited in our answer, in the absence of [an] objection on the record [when] given an adequate opportunity to do so ... [i]t's deemed that the defense [ha]s impliedly consented to the mistrial." In its brief on direct appeal, the State made this same point again, this time adding the nuance that "the appellant stood by silently during a lengthy discussion with the State regarding whether a mistrial should be declared." Finally, in its brief before this Court, the State argues that "the record supports the conclusion that the appellant did not oppose the mistrial," largely because of Garrels's "inaction."

*Id*. at 525–26. In rejecting these arguments based solely on a lack of opposition by the defendant to mistrial, the Court of Criminal Appeals explained:

> But, as was noted in oral argument, the question is not whether Garrels did enough to "oppose" the mistrial—it is whether the State carried its burden to show that she in fact "consented" to it. And in each of these instances, the State has pointed to a silent record in support of a point upon which it carried the burden. A silent record is, almost by definition, a lack of evidence to support either position; and a lack of evidence is held against the party bearing the burden on a particular issue. So, even viewing the record with the appropriate deference towards the trial court's ruling, there is simply no record-based evidence upon which the trial court might reasonably conclude that Garrels consented to the mistrial.

*Id*. at 526. The court reversed the court of appeals' judgment, concluding that "the lack of record-based evidence affirmatively showing how [defendant] 'impliedly' consented to the mistrial defeats the State's position." *Id*. Following the Court of Criminal Appeals' decision in *Garrels,* we similarly conclude that the State failed to meet its burden of demonstrating that Trimble impliedly consented to mistrial solely based upon his failure to object or voice opposition.

The State's opposition to Trimble's habeas application attempts to distinguish this case from *Garrels* by asserting that (1) "in the instant case, the trial court put the parties on notice that it was considering two possibilities: a continuance or a mistrial;" and (2) "the court's mistrial discussion referred to getting a 'new jury' and requested for the parties input before it made its decision – a significant courtesy that the trial judge in *Garrels* did not provide." These arguments, however, fail to distinguish this case from *Garrels* because, regardless of any additional notice and opportunity to voice opposition provided to Trimble's defense counsel, the State's assertion of implied consent is still based solely upon defense counsel's not objecting to a mistrial. As in *Garrels*, it is undisputed—for the reasons mentioned by the State—that Trimble's defense counsel had an adequate opportunity to object. But, also as in *Garrels*, the issue in this case is not the adequacy of the defense's opportunity to object—the issue is whether, despite having an adequate opportunity to object, the failure to object is sufficient to meet the State's burden of demonstrating implied consent. *See id.* at 525–26. The Court of Criminal Appeals has held that it is not. Accordingly, *Garrels* controls our decision in this case.

For the reasons explained in *Garrels*, the State failed to meet its burden of demonstrating that, under the totality of the circumstances, Trimble impliedly consented to a mistrial solely by failing to object or voice opposition. The record contains no affirmative evidence upon which the trial court might reasonably

10

conclude that Trimble impliedly consented to the mistrial. *See id.* at 526. Instead, the record demonstrates that Trimble only requested a continuance. *See id.* (noting that failure to object to mistrial was "not particularly probative" where defendant "only ever requested one form of relief on her discovery objection: to exclude the officer's testimony and, crucially, proceed with trial.").

## Conclusion

For the foregoing reasons, we conclude that Trimble has met his burden of demonstrating that the trial court abused its discretion in denying habeas relief. Accordingly, we reverse the order of the trial court denying Trimble's application for a writ of habeas corpus and order the indictment dismissed. We remand the case to the trial court for further proceedings consistent with this opinion.


Gordon Goodman
Justice


Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do Not Publish. TEX. R. APP. P. 47.2(b).

11