**Opinion issued May 9, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00065-CR

————————————

## EX PARTE EDMOND BAKER, JR., Appellant

---

### On Appeal from the 239th District Court
### Brazoria County, Texas
### Trial Court Case No. 81673-CR-A

---

### MEMORANDUM OPINION

We deny rehearing, withdraw our previous opinion and judgment of March 28, 2023, and issue the following opinion and the related judgment in their stead. We dismiss the motion for en banc reconsideration as moot.[1]

---

[1] Because we issue a new opinion, the motion for en banc reconsideration is moot. *In re Wagner*, 560 S.W.3d 311, 312 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) ("Because we issue a new opinion in connection with denial of rehearing, the motion for en banc reconsideration is rendered moot."); *see also*

Appellant Edmond Baker, Jr., proceeding pro se, appeals from the trial court's denial of his application for writ of habeas corpus.[2]  In two issues, appellant argues that his underlying conviction for stalking was rendered deficient because new evidence shows that he was still married to his wife at the time of conviction and that he was found guilty by an "all-white" jury.

We affirm.

## Background

On September 3, 2019, a jury convicted appellant of stalking and assessed a punishment of 10 years' confinement, which the trial court probated and placed appellant under community supervision for seven years and a $10,000 fine. *See Baker v. State*, No. 01-19-00694-CR, 2021 WL 785336, at *1 (Tex. App.—Houston [1st Dist.] Mar. 2, 2021, pet. ref'd) (mem. op., not designated for publication). Appellant raised two issues on appeal: (1) that the jury charge was fundamentally erroneous and (2) that it permitted the jury to return a non-unanimous verdict.  *See*

---

*Poland v. Ott*, 278 S.W.3d 39, 41 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (noting that motion for en banc reconsideration rendered moot by withdrawal and reissuance of opinion and judgment); *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40 n.4 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (supp. op. on reh'g) (noting that motion for en banc reconsideration moot when motion for rehearing granted and new opinion and judgment issue).

[2]     *See* TEX. CODE CRIM. PROC. art. 11.072 (providing person confined on charge of felony conviction who received community supervision may apply for writ of habeas corpus).

*id.* We affirmed the conviction, noting that appellant was not "actually harmed by the charge error, if any, because the instructions did not affect the basis of appellant's case or his defensive theories, or deprive appellant of a valuable right." *See id.* at *8.

Subsequently, on September 16, 2021, appellant sought a post-conviction writ of habeas corpus, pursuant to article 11.07 of the Texas Code of Criminal Procedure.[3]  Appellant asserted that (1) new evidence revealed that the divorce of his wife had not been finalized and therefore he could not have been found to have stalked his ex-wife; (2) no rational juror could have found him guilty beyond a reasonable doubt; (3) the jury charge was improperly formulated and presented; (4) his constitutional rights were violated; (5) he was actually innocent of the crime alleged; (6) the incident described by the prosecution did not rise to a level of felony prosecution; and (7) juror irregularities, specifically, an all-white jury, affected his case.[4]

The State answered the habeas application, noting that the motion for new trial was untimely filed and that appellant's complaints about the indictment, jury

---

[3]  By order dated April 5, 2022, we notified the parties that appellant's habeas application would be interpreted under article 11.072 and Texas Rule of Appellate Procedure 31.  *See* TEX. CODE CRIM. PROC. art. 11.072; TEX. R. APP. P. 31.

[4]  Appellant also filed an untimely motion for new trial, alleging the same errors he asserted in the habeas application.

charge, and evidence at trial were not cognizable because appellant could have raised them on appeal.[5] *See* TEX. CODE CRIM. PROC. art. 11.072 § 3(a).

In accordance with the State's recommendation, the trial court, in its order designating issues, requested affidavits to determine whether appellant demonstrated actual innocence based on newly discovered evidence and whether juror irregularities violated a constitutional right.

The State also filed a Memorandum of Law in Support of State's Original Answer and an affidavit from Chase Clayton, the prosecutor below, who stated that appellant's claim that he was tried by an all-white jury was false and that the trial court can rely on its own personal recollection. The State asserted that the July 29, 2013 final decree of divorce was presented at trial to show that appellant and the complainant, Kamisha Jackson, were finally divorced prior to trial. Appellant did not present any evidence in response to the trial court's order designating issues.

The trial court entered findings of fact and conclusions of law on whether (1) appellant demonstrated that he was actually innocent based on newly discovered

---

[5]     We agree with the State that appellant's second through sixth issues could have been raised in his prior appeal and therefore these issues are waived. *See* TEX. CODE CRIM. PROC. art. 11.072 § 3(a) (stating, "An application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure"); *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (stating, "We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal"). Thus, we confine our analysis to appellant's first and seventh issues.

evidence and (2) juror irregularities resulted in appellant having a jury comprised of only white jurors which in turned violated appellant's constitutional right. The trial court's findings, as relevant here, state,

(4) Applicant filed an "Application for Post[-]Conviction Writ of Habeas Corpus" on September 16, 2021. Though Applicant stated that his application was "made pursuant to . . . Texas Code of Criminal Procedure [article] 11.07," Applicant is currently on community supervision and his conviction is not final.

(5) This Court signed an Order Designating Issues and Setting Submission Date, filed for record October 1, 2021, allowing the parties to submit affidavits.

(6) Applicant did not submit an affidavit.

(7) Assistant Criminal District Attorney Chase Clayton, the first-chair prosecutor assigned to Applicant's case, submitted an affidavit on November 2, 2021.

(8) Mr. Clayton testifies through his affidavit that Applicant's allegation that he was tried by a jury composed entirely of white jurors is not true. This Court finds Mr. Clayton's testimony in this regard to be credible.

(9) This Court further finds, based on Mr. Clayton's affidavit and this Court's own recollection as permitted under Texas Code of Criminal Procedure article 11.072, section (6)(b), that Mr. Baker's allegation regarding the composition of the jury in his writ application is untrue and not credible.

(10) Mr. Clayton further testifies through his affidavit that Applicant and the complaining witness, Kamisha Jackson, were finally divorced prior to the trial in this case. This Court finds Mr. Clayton's testimony in this regard to be credible.

5

(11) This Court specifically takes note of the Final Decree of Divorce in Cause Number 64372, *In the Matter of the Marriage of Kamisha LaVern Baker and Edmond Lindell Baker, Jr.*, which the State submitted as State's Exhibit 1 attached to its memorandum of law filed November 15, 2021. This Court finds that the Final Decree of Divorce relating to Applicant and Ms. Jackson's marriage was filed July 29, 2013.

(12) This Court specifically takes note of testimony submitted by the State as State's Exhibit 2 attached to its memorandum of law filed November 15, 2021, in which Applicant's son, Darian Baker, testified that the Final Decree of Divorce showed that Applicant and Ms. Jackson were divorced.

(13) This Court finds Applicant's allegations in his writ application regarding his marital status to Ms. Jackson to be untrue and not credible.

(14) This Court finds Applicant's allegations in his writ application generally to be not credible.

Based on its findings of fact, the trial court concluded "as a matter of law that Applicant has not shown the deprivation of any constitutional right based on his allegation that he was tried by a jury composed entirely of white jurors" and "that Applicant has failed to show that new evidence 'unquestionably establishes his innocence' and prove[s] through clear and convincing evidence that no reasonable juror could have convicted Applicant in light of the new evidence."

The trial court further concluded that appellant's application did not contain any other issues by which appellant could not have requested relief by means of an

6

appeal under article 44.02 of the Texas Code of Criminal Procedure and Texas Rule of Appellate Procedure 25.2.  The trial court denied habeas relief on December 30, 2021.

Appellant filed a notice of appeal.

## Standard of Review

Generally, an appellate court reviews a trial court's decision to grant or deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).  A trial court does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).  We will uphold the habeas court's judgment as long as it is correct under any theory of law applicable to the case. *See Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  In reviewing the trial court's decision to grant or deny habeas corpus relief, we consider the evidence presented in the light most favorable to the trial court's ruling, regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony, provided they are supported by the record. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Ex*

*parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.), *abrogated on other grounds by Chaidez v. United States*, 568 U.S. 342, 357–58 (2013).

The trial court is the original fact finder in habeas corpus proceedings. In article 11.072 habeas proceedings, such as this case, the trial court is the sole finder of fact. *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021); *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). "In making its determination, the [habeas] court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Ex parte Fassi*, 388 S.W.3d 881, 887 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting TEX. CODE CRIM. PROC. art. 11.072, § 6(b)).

Unlike an article 11.07 case, there "is less leeway in an article 11.072 context to disregard the findings of a trial court." *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). In conducting our review, we afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the factual findings are based on an evaluation of credibility and demeanor. *Montano*, 451 S.W.3d at 877 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We afford the same amount of deference to the trial court's application of law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Sandifer v. State*, 233 S.W.3d 1, 2

8

(Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Guzman*, 955 S.W.2d at 89). If resolution of the ultimate questions turns on the application of legal standards, we review the determination de novo. *Id*.

**Newly Discovered Evidence**

In his first issue, appellant argues that new evidence shows that he and the complainant had not been divorced at the time of trial.

"The term 'newly discovered evidence' refers to evidence that was not known to the applicant at the time of trial and could not be known to him even with the exercise of due diligence." *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). An applicant "cannot rely upon evidence or facts that were available at the time of his trial, plea, or post-trial motions, such as a motion for new trial." *Id*. (citing *Ex parte Briggs*, 187 S.W.3d 458, 465 (Tex. Crim. App. 2005) and *Ex parte Tuley*, 109 S.W.3d 388, 403 (Tex. Crim. App. 2002) (Price, J., concurring in denial of reh'g)).

To succeed in an actual innocence claim, the applicant must show "by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence." *Brown*, 205 S.W.3d at 545 (quoting *Ex parte Tuley*, 109 S.W.3d 388, 392 (Tex. Crim. App. 2002)). This showing must overcome the presumption that

9

the conviction is valid and it must unquestionably establish applicant's innocence. *See Brown*, 205 S.W.3d at 545.

Here, the record shows that appellant attached to his habeas application the first page of an original petition for divorce dated June 7, 2021, presumably showing that appellant and the complainant had not been divorced at the time of trial.

Contrary to appellant's evidence, the State provided Clayton's affidavit, which stated that appellant's allegation that he and the complainant were still married was untrue. The final decree of divorce showing that appellant and the complainant were divorced as of July 29, 2013 was also presented to the trial court. Additionally, the State included trial testimony showing that appellant's son testified at trial that, although the documents showed that appellant and the complainant had divorced, appellant continues to believe that they are not divorced.

In its tenth through thirteenth findings, the trial court found that appellant was divorced, that appellant's statement otherwise was not credible, and that Clayton's testimony that appellant was divorced was credible. *See Ex parte Skelton*, 434 S.W.3d 709, 717 (Tex. App.—San Antonio 2014, pet. ref'd) ("The habeas court is the sole finder of fact in an article 11.072 habeas proceeding, and we afford almost total deference to its determinations of historical fact that are supported by the record.").

The trial court's finding that appellant's allegation of newly discovered evidence that he and the complainant were not divorced was false is supported by the record, and we defer to the trial court's findings based on credibility. *Id*. The record also supports the trial court's conclusion that appellant failed to show that new evidence established his innocence. Thus, we hold that appellant did not demonstrate that he was entitled to habeas relief based on newly-discovered evidence.

We overrule appellant's first issue.

**Juror Irregularities**

In his seventh issue, appellant argues that his case may have been affected by juror irregularities. Specifically, appellant alleges that "his case may be affected [by] . . . irregularities" and "he had an all white jury and believes that same was a result of the irregularities which are the subject of the pending investigation, news reports, and statements made during the press conference which occurred on or about September 7, 2021." In his reply to the State's response to the habeas petition, appellant argued that the jury was not impartial and that "Blacks were excluded from his jury pool, which resulted in prejudice to him."

The Sixth Amendment to the Constitution of the United States guarantees a criminal defendant an impartial jury selected from sources reflecting a fair cross-section of the community. *See Taylor v. Louisiana*, 419 U.S. 522, 526, 530–37

11

(1975). Although venire panels must represent a fair cross-section of the community, there is no requirement that the petit jury chosen for a particular case "mirror the community and reflect the various distinctive groups in the population." *Gray v. State*, 233 S.W.3d 295, 300 (Tex. Crim. App. 2007) (quoting *Taylor*, 419 U.S. at 538)).

In order for a defendant to establish a prima facie violation of the fair-cross-section requirement, the defendant must show that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this underrepresentation is due to the systematic exclusion of the group in the jury selection process. *Berghuis v. Smith*, 559 U.S. 314, 327 (2010); *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

Here, appellant made no argument regarding the *Berghuis* second and third prongs and therefore did not make a prima facie case that he was denied fair representation in the venire panel. Instead, appellant alleged that he had an all-white jury and that "Blacks were excluded from his jury pool." Although appellant alleged juror irregularities, appellant provided no evidence to the trial court that any juror irregularities affected his case. *See Richardson*, 70 S.W.3d at 870 (applicant bears burden of proving, by preponderance of evidence, facts that would entitle him to relief).

12

Notwithstanding the lack of evidence, the State presented Clayton's affidavit, who testified that appellant's allegation that an all-white jury considered the case was false. In the trial court's eighth and ninth findings, the trial court found that the State was credible while appellant was not and that based on Clayton's affidavit and its own recollection, appellant's allegation regarding the composition of the jury was untrue and not credible. *See Ex parte Fassi*, 388 S.W.3d 881, 888 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[T]he habeas court was free to disbelieve appellant's self-serving testimony."); TEX. CODE CRIM. PROC. art. 11.072 § 6(b) (permitting court to rely on its personal recollection).

The trial court's findings that appellant's allegation that the jury was composed entirely of white jurors was false is supported by the record, and we defer to the trial court's findings based on credibility. *Id.* The record also supports the trial court's conclusion that appellant did not show a deprivation of any constitutional right based on his allegation that he was tried by a jury composed entirely of white jurors. Accordingly, based on the record before the trial court, we hold that appellant has not demonstrated that the alleged jury irregularities entitled him to habeas relief.

We overrule appellant's seventh issue.

## Conclusion

We affirm the trial court's order that denied appellant's application for writ habeas corpus.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).